# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PULLMAN SUGAR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 2079 |
| | ) | |
| LABUDDE GROUP, INC. | ) | |
| | ) | Wayne R. Andersen |
| Defendant. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of Defendant Labudde Group, Inc. ("Labudde") for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff Pullman Sugar, LLC ("Pullman") filed a complaint for breach of contract and Labudde now moves for summary judgment claiming that no contract between the parties existed. For the reasons set forth below, Labudde's motion is granted and summary judgment is entered in favor of Labudde.

## BACKGROUND

Pullman, a company with its principal place of business in Illinois, sought to purchase a large amount of sugar from Labudde, a Wisconsin corporation. The two parties negotiated the sale and purchase of sugar prior to February 15, 2008. On that date, three documents were generated that form the basis for Pullman's breach of contract action. Justin Scholz, an employee of Labudde, sent the first document, an e-mail (the "Scholz e-mail"), to Brandon Boomsma, a Pullman employee. The e-mail stated as follows:

> Brandon/Brian,
>
> Here's what we need to proceed:
>
> 1. a firm offer in writing saying that you will pat $.17/lb "as is", FOB Baltimore, MD and will ship everything over the next 30 days.
>
> 2. a written guarantee that you will remove the sugar from the packaging and that packaging will be destroyed
>
> 3. payment terms such as wire transfer each day to cover the product that will pick up or a lump sum wire up front to cover X amount of shipments, etc.
>
> Also, a reminder that there is still a chance that half of this 5.4 million pounds will have to go to another customer.
>
> Thanks,
>
> Justin Scholz
> LaBudde Group – FL
> 608-358-0190

Mr. Boomsma promptly responded with the second document, an e-mail (the "Boomsma e-mail"), which stated, in its entirety, "Here is your offer. Please email me back the signed confirmation or fax it back to me." Attached to the Boomsma e-mail was the third document (the "Pullman Offer"). The Pullman Offer was signed by Mr. Boomsma and stated the following:

> This offer lies between Pullman Sugar of 700 E. 107th Street, Chicago, IL 60628 and Labudde Group of 1239 12th Ave, Grafton, WI 53024.
>
> > Pullman Sugar offers to pay Labudde Group $.17/lb FOB for all 5,419,916 lbs of sugar located in Baltimore, MD.
> >
> > Pullman Sugar guarantees that all of the product coming from Baltimore, MD will be taken out of its original packaging and the packaging will be destroyed.

- Payment terms – Pullman Sugar will wire transfer the money to Labudde Group in increments as the product [is] picked up from the warehouse..[sic]

Acceptance of this offer is needed by today, February 15, 2008.

The Pullman Offer also included a blank signature line below Mr. Boomsma's signature. Labudde did not sign or return this document. Labudde then sold the sugar to another party. Pullman alleges that the parties had a contract for the sugar and that Labudde breached that contract.

Based upon the events set forth above, Pullman filed a breach of contract action in the Circuit Court of Cook County on February 26, 2008. Labudde removed the action to this court on April 11, 2008. Labudde now moves for summary judgment claiming that the documents discussed above are insufficient to form a contract pursuant to the Illinois Commercial Code. We now turn to that motion.

## **STANDARD OF REVIEW**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 277, 248 (1986). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The existence of a factual dispute is not

sufficient to defeat a summary judgment motion; instead, the nonmoving party must present definite, competent evidence to rebut the motion for summary judgment. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). In reaching its holding, the court will consider the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255.

## DISCUSSION

As an initial matter, this case is before the court based upon diversity jurisdiction and we must first address the choice of law question. Pullman briefly raised the question as to whether Wisconsin law should be applied because Labudde is located in Wisconsin. However, Pullman stipulates that the choice of law is immaterial to the disputed issues and relies extensively upon Illinois case law. We also find that Illinois law applies because Pullman is an Illinois company seeking to purchase and transport sugar to Illinois. Further, although communications were sent between Wisconsin, Florida, and Illinois, all communications between the parties either originated from or were sent to Illinois. No other common nexus of the communications is present. Finally, performance would have occurred between Baltimore and Illinois. We find that the most significant contacts were made in Illinois and, thus, Illinois law will be applied.

Because the alleged contract in this case was for the sale of goods, the Illinois Commercial Code applies. With respect to oral agreements and the requirement of a writing, the Illinois Commercial Code provides,

> Formal requirements; statute of frauds. (1) Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that contract for the sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not

4

enforceable under this contract beyond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know of its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received.

(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

(a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or

(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for the sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

(c) with respect to goods for which payment has been made and accepted or which have been received and accepted.

810 ILCS 5/2-201.

Labudde now moves for summary judgment on the grounds that the three documents listed above, which undisputedly encompass all writings between the parties, do not satisfy the provision of the Illinois Commercial Code set forth above. In response to Labudde's motion, Pullman argues that the the Scholz e-mail, standing alone, satisfies Section 2-201. However, we disagree.

The Scholz e-mail does not constitute either the entire contract pursuant to Section 2-201(1) or confirmation of an existing contract pursuant to Section 2-201(2). Although courts have held that while many forms of writing, such as e-mail, may be sufficient to satisfy the statute of frauds, the writing must be sufficient to indicate that there is, in fact, a contract. *Cent.*

*Ill. Light Co. v. Consolidation Coal Co.*, 349 F.3d 488, 490 (7th Cir. 2003). It is not "enough that the documentation is consistent with the existence of a contract." *Id.*

The Scholz e-mail, reproduced above, states, "[h]ere is what we need to proceed." This language exhibits some contingency on future events and documentation. Furthermore, the first item in the Scholz e-mail that Labudde "need[ed] to proceed" was an offer from Pullman. This request indicates that the Scholz e-mail is unambiguously a solicitation for an offer and not a confirmation of a contract that has already been agreed upon or a contract itself. *Pft Roberson, Inc. v. Volvo Trucks N. Am., Inc.*, 420 F.3d 728, 731 (7th Cir. 2005)( "[w]hen negotiators say that agreement is subject to a more definitive document, Illinois treats this as demonstrating intent not to be bound until that document has been prepared and signed."). Finally, the last line of the Scholz e-mail leaves open whether the anticipated contract will be for the entire 5.4 million pounds of sugar, or half of that amount. Not only has the Seventh Circuit also held that quantity is a necessary component of the writing establishing the contract, *Cent. Ill. Light Co.*, 349 F.3d at 490-91, but the fact that there was uncertainty about whether the contract would be for half the sugar or all of the sugar is further proof that there was not already a contract in place. As such, the Scholz e-mail cannot constitute the entire contract pursuant to Section 2-201(1), nor can it be construed as confirmation of the contract under the merchants rule in Section 2-201(2). Further, none of the exceptions set forth in Section 2-201(3) apply.

We also reject Pullman's alternative argument that, even if the Scholz e-mail did not constitute the contract, Labudde accepted the Pullman Offer orally after Boomsma sent it to Labudde and *that* constituted a contract. As set forth above, Section 2-201(1) requires a writing that is signed by the party against whom enforcement is sought. Accordingly, the Pullman Offer

6

must have been signed by Labudde in order to constitute acceptance and the existence of a valid contract. Oral acceptance is invalid. Additionally, the Boomsma e-mail specifically asked Labudde to sign the attached document and either fax or e-mail it back to him and the Pullman Offer clearly left a blank signature line for someone at Labudde to sign. Therefore, we find that even if Labudde did, in fact, verbally accept the Pullman Offer, such acceptance did not create an enforceable contract.

Accordingly, we find that Labudde is entitled to summary judgment on the grounds that no writing sufficient to satisfy the Illinois Commercial Code exists.

## CONCLUSION

For the reasons set forth above, defendant Labudde's motion [29] for summary judgment is granted. This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: September 28, 2009

<span>7</span>